1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   NOEL PHILLIPE SCOTT,

11              Petitioner,                    No. CIV S- 09-2830 JAM GGH P

12        vs.

13   JOHN W. HAVILAND, Warden,          FINDINGS AND RECOMMENDATIONS

14              Respondent.

15   _____/

16   Introduction

17              Petitioner, a state prisoner proceeding pro se, has filed a petition pursuant to 28

18   U.S.C. § 2254 challenging a Board of Parole Hearings (Board) 2007 parole denial.[1]  Originally

19   sentenced to a 25-year to life term for first degree murder in 1990, with an additional two-year

20   term for use of a firearm, petitioner raises eight grounds challenging the decision.  Petition, pp. 2,

21   7-59.

22              Pending before the court is respondent's motion to dismiss the petition as

23   untimely, filed on December 30, 2009.  After careful consideration, the court must recommend

24   the motion be denied.

25   _____

26        [1] This case was transferred from the Central District by an order filed on October 9, 2009
(docket # 30) and was actually transferred as of October 13, 2009 (docket # 4).

1  Motion to Dismiss

2          As noted, respondent moves for dismissal of this action contending that the

3  petition is untimely under AEDPA.

4          The statute of limitations for federal habeas corpus petitions is set forth in 28

5  U.S.C. § 2244(d)(1):

6          A 1-year period of limitation shall apply to an application for a writ
           of habeas corpus by a person in custody pursuant to the judgment
7          of a State court.  The limitation period shall run from the latest of

8          (A) the date on which the judgment became final by the conclusion
           of direct review or the expiration of the time for seeking such
9          review;

10         (B) the date on which the impediment to filing an application
           created by State action in violation of the Constitution or laws of
11         the United States is removed, if the applicant was prevented from
           filing by such State action;

12
           (C) the date on which the constitutional right asserted was initially
13         recognized by the Supreme Court, if the right has been newly
           recognized by the Supreme Court and made retroactively
14         applicable to cases on collateral review; or

15         (D) the date on which the factual predicate of the claim or claims
           presented could have been discovered through the exercise of due
16         diligence.

17         The statute of limitations for habeas petitions challenging parole suitability

18  hearings is based on § 2244(d)(1)(D), i.e., the date on which the factual predicate of the claim or

19  claims could have been discovered through the exercise of due diligence.  Redd v. McGrath, 343

20  F.3d 1077 (9th Cir. 2003).  At the time the Ninth Circuit decided Redd, suitability decisions

21  could be administratively appealed.  Id. at 1084.  In Redd, the Ninth Circuit held that the factual

22  basis of the petitioner's claims challenging a parole suitability hearing could have been

23  discovered through the exercise of due diligence when the Board denied the administrative

24  appeal.  Id.

25         Since Redd, the administrative review process for parole suitability hearings has

26  been eliminated.   According to the transcript from the August 14, 2007, initial parole

2

1  consideration hearing, the decision finding petitioner unsuitable was to become final on

2  December 12, 2007.  See Exhibit (Exh.) A of exhibits lodged in this court on November 9, 2009

3  (apparently lodged initially in the Central District with the filing of the petition, Docket # 12).

4  Accordingly, petitioner had one year from December 12, 2007, to file a timely federal petition.

5  The instant action, filed, by liberal application of the mailbox rule, on September 27, 2009,[2] is

6  not timely unless petitioner is entitled to statutory or equitable tolling.

7          Respondent argues that the statute of limitations ran from the date of the hearing,

8  i.e., August 14, 2007, rather than from the date it became final on December 12, 2007, because

9  petitioner was present at the parole hearing and therefore was aware of the factual predicate for

10  his claim.  This argument, however, is not persuasive because "[t]he challenge to the Board's

11  decision must be viewed as a whole and not based on certain factual events therein."  Faatiliga v.

12  Hartley, CIV S-09-2039 LJO DLB P, 2010 WL 728552 at *3 (E.D. Cal. March 1, 2010).

13          Under the rationale of Redd, petitioner could not have known the
         factual predicate of his claim unless and until the decision becomes
14       final.  See Redd v. McGrath, 343 F.3d at 1084 (statute of
         limitations begins to run when administrative decision becomes
15       final); see also Banks v. Kramer, 2009 WL 256449 *1 (E.D.Cal.
         2009); Tidwell v. Marshall, 620 F.Supp.2d 1098, 2009 WL
16       1537960 (C.D.Cal. 2009); Feliciano v. Curry, 2009 WL 691220
         (N.D.Cal. 2009); Ramirez-Salgado v. Scribner, 2009 WL 211117
17       (S.D.Cal. 2009).

18  Faatiliga, supra, 2010 WL 728552 at *3.[3]

19  \\\\\

---

21          [2] A prisoner's federal habeas petition should be considered filed at the time he gave it to
    prison authorities, pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S.Ct. 2379, 2385
22  (1988); Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003), citing Saffold v. Newland,
    250 F.3d 1262, 1268 (9th Cir.), vacated and remanded on other grounds by Carey v. Saffold, 536
23  U.S. 214, 122 S. Ct. 393 (2002).   Because the date the petition is signed could be the filing date
    of the habeas petition, Jenkins v. Johnson, supra, at 1149  n. 2, the court will apply that date to
24  the filing.  Nor does respondent dispute that the date of petitioner's signature on the federal
    petition should serve as the filing date.  MTD, p. 2.

25          [3] The March 1, 2010, findings and recommendations in Faatiliga v. Hartley, CIV S-09-
    2039 LJO DLB P, 2010 WL 728552, were adopted by order filed on April 21. 2010.  CIV S-09-
26  2039, Docket # 15.

1          Under AEDPA, the period of limitation is tolled while a "properly filed"

2   application for state post-conviction or other collateral review is pending. 28 U.S.C. §

3   2244(d)(2).  Petitions are properly filed so long as there was no unreasonable delay between the

4   petitions, and if each petition is properly filed, then a petitioner is entitled to a tolling of the

5   statute of limitations in the intervals between a lower court decision and the filing of a petition in

6   a higher court during one complete round of appellate review ("interval tolling").  See Evans v.

7   Chavis, 546 U.S. 189, 193-194, 198, 126 S.Ct. 846 (2006).

8          The Supreme Court has explained that in order for a state habeas petition to be

9   "properly filed" for purposes of statutory tolling, the petition's delivery and acceptance must be

10  in compliance with the laws and rules governing such filings.  Pace v. DiGuglielmo, 544 U.S.

11  408, 413-14, 125 S.Ct. 1807 (2005).  "[T]ime limits, no matter their form, are 'filing'

12  conditions."  Pace v. DiGuglielmo, 544 U.S. at 417, 125 S.Ct. at 1814.  "When a post-conviction

13  petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)."

14  Id. at 414, 125 S.Ct. at 1812.  Under such circumstances, the petitioner is not entitled to statutory

15  tolling.  Id. at 417, 125 S.Ct. at 1814.

16          Respondent relies on the dates petitioner has provided within his federal petition

17  for the filing of his state court petitions.  MTD, p. 2, footnote 1.  The decision denials are

18  included within the lodged record.  According to the parties, therefore, petitioner filed his state

19  court petition in superior court challenging the Board's 2007 decision on October 10, 2008,

20  which petition was denied on December 10, 2008.  MTD, p. 2, citing petition (PTN), p. 4; Ex. M,

21  superior court denial.  Thereafter, petitioner filed his state appellate court petition on January 20,

22  2009, which was denied on January 28, 2009.  MTD, p. 2, citing PTN at 4; Opposition (Opp.), p.

23  1; Ex. N, state appellate court denial.  The state supreme court petition was filed on March 4,

24  2009, and denied on August 26, 2009.  MTD, p. 2, citing PTN at 4-5; Ex. O, state supreme court

25  denial.  Petitioner filed the instant petition, as noted, on September 27, 2009.

26  \\\\\

1          Respondent argues that petitioner had only until August 16, 2008, to file his

2    federal petition but did not even start the state court review process until about fifty-five days

3    beyond the expiration of the one-year AEDPA deadline, citing, inter alia, <u>Ferguson v. Palmateer</u>,

4    321 F.3d 820, 823 (9th Cir. 2003), for the proposition that there is no statutory tolling if the one-

5    year statute of limitations under AEDPA has expired before the state court review process has

6    been commenced.  MTD, p. 3.  However, this argument is based on the faulty premise that the

7    statute began to run before the administrative decision was final, which contention the court, as

8    noted, rejects.

9          For clarity, the court will chart the dates and time intervals:

10   1) Parole decision denial final – on Dec. 12, 2007
     One-year statute begins to run the next day[4]

11

12   2) state superior court habeas petition filed – on Oct. 10, 2008
     *303 days of the 365-day statutory filing period have passed*
     *leaving 62 days remaining to run on the statute*

13

     Superior Court petition denied on Dec. 10, 2008

14

15   3) 41 days later, state Court of Appeal petition---filed on January 20, 2009
     Denied on January 28, 2009

16   4) 35 days later, state Supreme Court habeas petition--- filed on March 4, 2009
     Denied on August 26, 2009

17

18   5) 32 days later, the instant federal petition — filed on Sept. 27, 2009.

19          Because petitioner filed his petition in the state superior court before the

20   expiration of AEDPA, he is correct that he is entitled to statutory tolling from the date he filed

21   that petition on October 10, 2008, to the date the California Supreme Court denied his petition on

22   August 26, 2009.  Opp., p. 2.  In other words, petitioner is entitled to interval tolling for the time

23   between when the superior court denied his petition and when he filed his petition in the

24   California Supreme Court because there was little more than a 30-day gap between each level of

25   _____

26          [4] <u>See Redd v. McGrath</u>, 343 F.3d at 1080, citing <u>Patterson v. Stewart</u>, 251 F.3d 1243,
     1246 (9th Cir. 2001).

1  state court filing.  Adding the remaining 62 days following the date of the state supreme court

2  habeas denial signifies that the statute of limitations would have run on October 27, 2009.  The

3  instant action, filed September 27, is therefore timely.  The motion to dismiss should be denied.

4          Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to

5  dismiss the petition as untimely, filed on December 30, 2009 (docket # 17), be denied and

6  respondent be ordered to file an answer to the petition.

7          These findings and recommendations are submitted to the United States District

8  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

9  days after being served with these findings and recommendations, any party may file written

10  objections with the court and serve a copy on all parties.  Such a document should be captioned

11  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

12  shall be served and filed within fourteen days after service of the objections.  The parties are

13  advised that failure to file objections within the specified time may waive the right to appeal the

14  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15  DATED:  07/20/10

16                                      /s/ Gregory G. Hollows

17                                      _____
                                        GREGORY G. HOLLOWS
                                        UNITED STATES MAGISTRATE JUDGE

18

19

20  GGH:009
    scot2830.mtd

21

22

23

24

25

26

6